**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

COMCAST CABLE COMMUNICATIONS, LLC., a Delaware limited liability company, COMCAST CABLE COMMUNICATIONS HOLDINGS, LLC, a Delaware limited liability company, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC., a Delaware limited liability company,

Plaintiffs,

v.

ROY JORDAN, individually, JOHN DOES NOS. 1-10, JANE DOES NOS. 1-10, UNIDENTIFIED CORPORATIONS NOS. 1-10, and UNIDENTIFIED BUSINESS ENTITIES NOS. 1-10,

Defendants.

CIVIL ACTION NO. ____________

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs, COMCAST CABLE COMMUNICATIONS, LLC., a Delaware limited liability company, COMCAST CABLE COMMUNICATIONS HOLDINGS, LLC, a Delaware limited liability company, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC., a Delaware limited

liability company ("Comcast" or "Plaintiffs"), by its attorneys, The Marsh Law Firm and Coman & Anderson, P.C., and for its Complaint against ROY JORDAN, individually, JOHN DOES NOS. 1-10, JANE DOES NOS. 1-10, UNIDENTIFIED CORPORATIONS NOS. 1-10, and UNIDENTIFIED BUSINESS ENTITIES NOS. 1-10, alleges the following:

## SUMMARY OF CLAIMS

1. This action seeks injunctive relief and monetary damages on account of Defendants' ongoing receipt and sale of stolen Comcast cable boxes. The lead Defendant Roy Jordan is selling stolen Comcast cable boxes on Ebay.com under the seller name of "chawraw." Plaintiffs' claims include causes of action based on the federal Racketeer-Influence & Corrupt Organization Act, Title 18 U.S.C. §§ 1961 *et seq.* and a pendent state claim under the Texas Theft Liability Act, Chapter 134.

## PARTIES

### The Plaintiffs

2. At all times hereinafter mentioned, Comcast Cable Communications, LLC is a Delaware limited liability corporation with a business address of 1500 Market Street, Philadelphia, PA 19102.

3. At all times hereinafter mentioned, Comcast Cable Communications Holdings, LLC is a Delaware limited liability corporation with a business address of 1500 Market Street, Philadelphia, PA 19102.

4. At all times hereinafter mentioned, Comcast Cable Communications Management, LLC is a Delaware limited liability corporation with a business address of 1500 Market Street, Philadelphia, PA 19102.

**The Defendants**

5. At all times hereinafter mentioned, Defendant Roy Jordan is a resident of the state of Texas with a residential address of 16915 Shrub Oak Drive, Humble, TX 77396. Roy Jordan participates in the day-to-day operation of his Ebay business, including the procurement of knowingly stolen cable boxes to resell to third parties.

6. At all times hereinafter mentioned, defendants John Does Nos. 1-10, Jane Does Nos. 1-10, Unidentified Corporations Nos. 1-10 and Unidentified Business Entities Nos. 1-10 are as yet unidentified officers, directors, partners, business associates, joint venturers, owners and/or employee of lead Defendant Roy Jordan and co-conspirators in his sales of stolen Comcast cable boxes, at his address of 16915 Shrub Oak Drive, Humble, TX 77396 and/or unknown addresses.

## JURISDICTION AND VENUE

7. This action arises under the federal Racketeer-Influence & Corrupt Organization Act, Title 18 U.S.C. §§ 1961 *et seq.* (hereinafter referred to as "RICO").

8. The jurisdiction of this Court is invoked in accordance with the provisions of Title 28 U.S.C. § 1331.

9. Venue is prescribed by the General Venue Statue, 28 U.S.C. § 1391, and it properly lies in the Houston Division of the United States District Court for the Southern District of Texas, where the lead Defendant resides.

## FACTUAL BACKGROUND

10. At all times relevant hereto, the Plaintiffs are the owners and operators of cable television systems used for the signal reception, generation and transmission of video programming to subscribers within thirty-seven (37) states nationwide.

11. Comcast has been having serious issues with respect to the theft of cable boxes from their warehouses and from the field.

12. The lead Defendant, Roy Jordan, is selling cable boxes stolen from Comcast on Ebay, and has made sales into at least the following three (3) states; Texas, Illinois and New York. Many of the cable boxes that lead Defendant Roy Jordan has sold are marketed as "Still in Sealed Wrapping."

13. On information and belief, Defendant Roy Jordan is procuring at least some of these stolen cable boxes from unknown individuals and/or companies. ***Lead Defendant Roy Jordan currently has at least two (2) stolen Comcast cable boxes for sale on Ebay.***

14. On information and belief, Defendants have sold over one hundred (100) stolen Comcast cable boxes on Ebay. In addition, Comcast has suffered damages related to the replacement of stolen cable boxes, in and out of the field, as well as administrative expenses dealing with the investigations related to this stolen equipment.

**COUNT I**
**(Violation of Federal Civil RICO; 18 U.S.C. § 1962(c) – with respect to the individual Defendants only)**

15. Plaintiffs incorporate by reference paragraphs 1 through 14 inclusive as if fully set forth herein.

16. Plaintiffs are a "person" within the meaning of Title 18 U.S.C. §§ 1961(3) and 1964(c).

17. The individual Defendants are each a "person" within the meaning of Title 18 U.S.C. §§ 1961(3) and 1964(c).

18. The Defendants are the "enterprise" within the meaning of the RICO statute.

19. Section 1962(c) of RICO provides that:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate

> or foreign commerce, to conduct or participate directly or indirectly in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

20. Beginning sometime in the recent past in the Southern District of Texas, the individual Defendants through the Enterprise, knowingly and intentionally conducted the affairs of the Enterprise, which engaged in activities which affected interstate and foreign commerce, through a pattern of racketeering activity. The individual Defendants herein, together with the Enterprise, participated in the affairs of the Enterprise through the commission of multiple racketeering acts, including, but not limited to:

(a) use of the mails in furtherance of Defendants' scheme to defraud the Plaintiffs in violation of 18 U.S.C. § 1341;

(b) interstate telephone calls in furtherance of Defendants' scheme to defraud the Plaintiffs in violation of 18 U.S.C. § 1343;

(c) interstate transportation of stolen goods in violation of 18 U.S.C. § 2314; and;

(d) sale, receipt, concealment, etc. of stolen goods in violation of 18 U.S.C. § 2315.

21. The aforementioned racketeering acts were interrelated as they all involved the sale of Comcast's stolen property, and were done in furtherance of the overall goals of the individual Defendants and the Enterprise. The racketeering acts are part of a common and continuous pattern, as the Defendants, on information and belief, have continued to engage in the trafficking of stolen Comcast property ***since***

***lead Defendant Roy Jordan currently has two (2) stolen Comcast cable boxes for sale on Ebay.***

22. By reason of the foregoing, Defendants are liable to the Plaintiffs for treble damages sustained by Plaintiffs, the cost of this suit and reasonable attorney's fees.

23. As a proximate and direct result of Defendants' racketeering acts, Plaintiffs were damaged.

24. Section 1964(a) of RICO provides that:

> The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1962 of this chapter by issuing appropriate orders, including, but not limited to; ordering any person to divest himself of any interest, direct or indirect, in any enterprise; imposing reasonable restrictions on the future activities or investments of any person, including, but not limited to, prohibiting any person from engaging in the same type of endeavor as the enterprise engaged in, the activities of which affect interstate or foreign commerce; or ordering dissolution or reorganization of any enterprise, making due provisions for innocent persons.

**<u>COUNT II</u>**
**(Racketeering Conspiracy -- Violation of 18 U.S.C. § 1962(d) and 1964 with respect to the individual Defendants only)**

25. Plaintiffs incorporate by reference paragraphs 1 through 24 inclusive as if fully set forth herein.

26. Beginning sometime in the recent past in the Southern District of Houston, the individual Defendants through the Enterprise, knowingly and intentionally conspired within the meaning of Title 18 U.S.C. § 1962(d) to violate § 1962(c), that is, said individual Defendants did conspire to conduct or participate, directly

or indirectly, in the conduct of such Enterprise's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1)(B) and 1961(1)(E) and 1961(5) and 1962(c), including, but not limited to:

(a) use of the mails in furtherance of Defendants' scheme to defraud the Plaintiffs in violation of 18 U.S.C. § 1341;

(b) interstate telephone calls in furtherance of Defendants' scheme to defraud the Plaintiffs in violation of 18 U.S.C. § 1343;

(c) interstate transportation of stolen goods in violation of 18 U.S.C. § 2314;

(d) sale, receipt, concealment, etc. of stolen goods in violation of 18 U.S.C. § 2315.

27. The pattern of racketeering activity through which the individual Defendants engaged and otherwise agreed to conduct the affairs of the Enterprise consisted of, in addition to the above, the acts charged in Count I of this Complaint, which are realleged and incorporated as if fully set forth herein. It was part of the racketeering conspiracy that the individual Defendants agreed that at least one co-conspirator would commit at least two acts of racketeering in the conduct of the affairs of the Enterprise.

28. The aforementioned racketeering acts were interrelated as they all involved the sale of Comcast's stolen property, and were done in furtherance of the overall goals of the individual Defendants and the Enterprise. The racketeering acts are part of a common and continuous pattern as the Defendants, on information and

belief, have continued to engage in the trafficking of stolen Comcast property ***since lead Defendant Roy Jordan currently has two (2) stolen Comcast cable boxes for sale on Ebay.***

29. By reason of the foregoing, the individual Defendants are liable to the Plaintiffs for treble damages sustained by Plaintiffs, the cost of this suit and reasonable attorney's fees.

30. As a proximate and direct result of Defendants' racketeering acts, Plaintiffs were damaged.

**COUNT III**
**(Texas Theft Liability Act -- Violation of Chapter 134 with respect to all Defendants)**

31. Plaintiffs incorporate by reference paragraphs 1 through 30 inclusive as if fully set forth herein.

32. The aforementioned acts of Defendants constitute a violation of Chapter 137 of the Texas Theft Liability Act which prohibits the unlawful appropriation of property.

33. Defendants' violation the Texas Theft Liability Act has injured, and continues to injure, Plaintiffs.

34. Plaintiffs are entitled to damages against each of the Defendants for the damages they sustained, as well as a sum of up to $1,000.00 for each cable box stolen.

42. Plaintiffs are also entitled to their court costs and reasonable and necessary attorney's fees based on the Act.

**WHEREFORE,** the Plaintiffs request that this Court grant the following relief:

(1) Injunctive orders, both mandatory and prohibitory, requiring the return of all of Plaintiffs' stolen equipment in the possession, custody or control of the Defendants, and restraining Defendants, their agents, and persons acting in concert with them from any future conduct related in any way to the sale and/or distribution of any property stolen from the Plaintiffs,

(2) An award of compensatory damages, together with prejudgment and post-judgment interest as allowed by law, recoverable jointly and severally from all Defendants,

(3) An award of treble damages pursuant to the provisions of RICO,

(4) An award of actual damages plus $1,000.00 per stolen cable box pursuant to the Texas Theft Liability Act,

(5) An award of Plaintiffs' costs of action, including reasonable attorney's fees, and all reasonable and necessary expenses of litigation, as provided by law.

(6) Grant such other and further relief as is just.

Respectfully submitted,
**THE MARSH LAW FIRM**

Jeffrey H. Marsh

**Jeffrey H. Marsh**
**Texas Bar No. 13018300**
Federal I.D. No. 7276
**1770 St. James Place, Suite 350**
**Houston, Texas 77056**
**(713) 626-2774 (Telephone)**
**(713) 626-2775 (Facsimile)**
jhm@marsh-law.com

Jeffrey R. Platt
COMAN & ANDERSON, P.C.
2525 Cabot Drive, Suite 300
Lisle, IL 60532
(630) 428-2660
(630) 428-2549 Fax
jplatt@comananderson.com
*Pro Hac Vice* pending